CLARK S. STONE (SBN 202123)
JENNIFER M. LANTZ (SBN 202252)
INCHAN A. KWON (SBN 247614)
MacPHERSON KWOK CHEN & HEID LLP
2033 Gateway Place, Suite 400
San Jose, California 95110
Phone: (408) 392-9250
Facsimile: (408) 392-9262
E-mail: cstone@macpherson-kwok.com
       jlantz@macpherson-kwok.com
       ikwon@macpherson-kwok.com

Attorneys for Plaintiff
ZIRCON CORPORATION

FILED
2009 JAN -6 A II: 28
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZIRCON CORPORATION, a California corporation,

Plaintiff,

v.

THE STANLEY WORKS, a Connecticut corporation,

Defendant.

Case No. C09 00042 PVT

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff, by its attorneys, alleges as follows:

**THE PARTIES**

1. Plaintiff Zircon Corporation ("ZIRCON") is a corporation organized and existing under the laws of California, with its principal place of business located at 1580 Dell Avenue, Campbell, California 95008.

2. On information and belief, Defendant The Stanley Works ("STANLEY") is a corporation organized and existing under the laws of Connecticut, with its principal place of business located at 1000 Stanley Drive, New Britain, Connecticut 06053, and with subsidiary offices in this district at 1294 Lawrence Station Rd., Sunnyvale, CA 94089 and 306 Lyndberg Ave., Livermore, CA 94550.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL       1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress related to patents).

4. This Court has personal jurisdiction over Defendant STANLEY because STANLEY has constitutionally sufficient contacts with California to make personal jurisdiction proper in this Court, including having regular and established places of business within this judicial district, at 1294 Lawrence Station Rd., Sunnyvale, CA 94089 and 306 Lyndberg Ave., Livermore, CA 94550. In particular, STANLEY has purposefully directed activities to this judicial district, including selling products which infringe the patent asserted in this Complaint. Moreover, on information and belief, STANLEY solicits business within this district and elsewhere in California, and derives substantial revenue from the sale of its products and/or services within this district and elsewhere in California, which gives this Court general jurisdiction over STANLEY.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this district, and Defendant STANLEY has sufficient contacts with this district to subject it to personal jurisdiction, if this district were a separate State.

## INTRA-DISTRICT ASSIGNMENT

6. Pursuant to Civil Local Rules 3-2(c) and 3-5(b), assignment of this intellectual property action is proper to any division within this district.

## BACKGROUND

7. A "stud finder" is a device used to locate the structural members of walls, floors, and other structures, called studs, which cannot normally be seen behind the surface of the wall or other structure.

8. ZIRCON is a leading seller of stud finders in the United States. The stud finders sold by ZIRCON are sold throughout the United States.

9. On information and belief, STANLEY is a major manufacturer and seller of hand-held and power tools.

10.     On information and belief, STANLEY is involved in the business of selling, offering to sell, and/or assembling stud finders in the United States or exporting and/or importing stud finders into the United States, including but not limited to, the Stanley Stud Sensor 200 and Stanley FatMax® Stud Sensor 400.

11.     On information and belief, stud finders sold by STANLEY are sold throughout the United States, in hardware stores, home centers, online, and in major retailers.

## COUNT I

## PATENT INFRINGEMENT

12.     ZIRCON incorporates the allegations of paragraphs 1–11 as though fully set forth herein.

13.     On October 3, 2006, United States Letters Patent No. 7,116,091 (hereinafter "the Miller '091 patent") entitled "Ratiometric Stud Sensing" was duly and legally issued in the name of the inventor, Lawrence F. Miller. A true and correct copy of the Miller '091 patent is attached to this Complaint as Exhibit A.

14.     ZIRCON is the assignee of the Miller '091 patent.

15.     The Miller '091 patent is in full force and effect and Zircon continues to own it.

16.     Defendant STANLEY has infringed and is currently infringing the Miller '091 patent by making, having made, using, importing, selling and offering for sale, products embodying the invention claimed in the Miller '091 patent, including but not limited to, the Stanley Stud Sensor 200 and Stanley FatMax® Stud Sensor 400.

17.     Each of STANLEY's infringing activities is without the consent of, authority of, or license from ZIRCON.

18.     STANLEY's infringement has been and continues to be willful, knowing, and deliberate.

19.     As a direct and proximate result of STANLEY's infringement, ZIRCON has suffered damages in an amount that cannot yet be fully ascertained, which will be proven at trial.

20.     Unless preliminarily and/or permanently enjoined, STANLEY will continue to engage in the aforementioned acts to ZIRCON's further and continuing damage. Such continuing

acts, unless enjoined, will cause irreparable damage in that ZIRCON will have no adequate remedy at law to compel STANLEY to cease such acts.

### PRAYER FOR RELIEF

WHEREFORE, ZIRCON prays for judgment on the complaint as follows:

a. Entry of a preliminary injunction enjoining STANLEY, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice thereof, from directly or indirectly infringing, or inducing the infringement of the Miller '091 patent, said injunction to be made permanent following trial;

b. Judgment in favor of ZIRCON and against STANLEY for infringement of the Miller '091 patent;

c. An award of ZIRCON's damages for infringement by STANLEY in an amount adequate to compensate, but in no event less than a reasonable royalty;

d. An award of ZIRCON's treble damages for willful, knowing and deliberate infringement of the Miller '091 patent by STANLEY;

e. Entry of judgment for ZIRCON's costs, interest, and reasonable attorneys' fees incurred herein; and

f. Such other and further relief as the Court may deem just and appropriate.

DATED: January 7, 2009

MacPHERSON KWOK CHEN & HEID LLP

By _____
Clark S. Stone
Attorneys for Plaintiff
ZIRCON CORPORATION

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff ZIRCON CORPORATION demands a trial by jury on all issues triable as of right by a jury.

DATED: January 7, 2009  MacPHERSON KWOK CHEN & HEID LLP

By _/s/ Clark S. Stone_
Clark S. Stone
Attorneys for Plaintiff
ZIRCON CORPORATION