```
 1  PILLSBURY WINTHROP SHAW PITTMAN LLP
    VERNON H. GRANNEMAN (SBN 83532)
 2    vernon.granneman@pillsburylaw.com
    DIANNE L. SWEENEY (SBN 187198)
 3    dianne.sweeney@pillsburylaw.com
    2475 Hanover Street
 4  Palo Alto, CA  94304-1114
    Telephone: (650) 233-4500
 5  Facsimile: (650) 233-4545

 6  PILLSBURY WINTHROP SHAW PITTMAN LLP
    BRYAN P. COLLINS (admitted Pro Hac Vice)
 7    bryan.collins@pillsburylaw.com
    1650 Tysons Boulevard, 14th Floor
 8  McLean, VA 22102-4859
    Telephone: (703) 770-7900
 9  Facsimile: (703) 770-7901

10  Attorneys for Defendant THE STANLEY WORKS
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZIRCON CORPORATION, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> THE STANLEY WORKS, a Connecticut corporation, <br><br> Defendant. | No. C09-0042 EDL <br><br> STIPULATION AND [~~PROPOSED~~] ORDER TO FILE AMENDED ANSWER <br><br> Judge:  Honorable Elizabeth D. Laporte <br> Complt. Filed:  January 6, 2009 <br> Trial Date:  None set |

Defendant, The Stanley Works ("Stanley"), hereby moves this Court under Rule 15(a)(2) of the Federal Rules of Civil Procedure, to file the Amended Answer attached hereto as Exhibit A.

The Amended Answer adds a Third Affirmative Defense, which alleges patent invalidity under 35 U.S.C. §102 and/or §103.  Good cause exists for the Amended Answer,

1  as the filing of this Amended Answer is early in the proceedings, prior to the
2  commencement of discovery, and will not cause prejudice or delay. Plaintiff, Zircon
3  Corporation, has reviewed the proposed Amended Answer and hereby consents to the filing
4  of the same.
5      Upon entry of this stipulation by this Court, Stanley will file its Amended Answer
6  within five (5) court days of said notice.

7  DATED: December 10, 2009      HAYNES AND BOONE, LLP

9              By   */s/ Dianne L. Sweeney*
                    Dianne L. Sweeney
10                  Attorneys for Plaintiff
                    ZIRCON CORPORATION

12 DATED: December 10, 2009      PILLSBURY WINTHROP SHAW PITTMAN LLP

14             By   */s/ Clark S. Stone*
                    Clark S. Stone
15                  Attorneys for Defendant
                    THE STANLEY WORKS

*Filer's Attestation: Pursuant to General Order No. 45, Section X.B. regarding non-filing signatories, Dianne L. Sweeney hereby attests that concurrence in the filing of this Stipulation has been obtained from Clark S. Stone.*

20              **[PROPOSED] ORDER**

22 **PURSUANT TO STIPULATION, IT IS SO ORDERED**.

25  Dated:  December 11, 2009    _____
                                  ELIZABETH D. LAPORTE
26                                United States Magistrate Judge

# EXHIBIT A

| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | VERNON H. GRANNEMAN (SBN 83532) |
| 2 |    vernon.granneman@pillsburylaw.com |
|   | DIANNE L. SWEENEY (SBN 187198) |
| 3 |    dianne.sweeney@pillsburylaw.com |
|   | 2475 Hanover Street |
| 4 | Palo Alto, CA  94304-1114 |
|   | Telephone: (650) 233-4500 |
| 5 | Facsimile: (650) 233-4545 |
| 6 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | BRYAN P. COLLINS (admitted *Pro Hac Vice*) |
| 7 |    bryan.collins@pillsburylaw.com |
|   | 1650 Tysons Boulevard, 14th Floor |
| 8 | McLean, VA 22102-4859 |
|   | Telephone: (703) 770-7900 |
| 9 | Facsimile: (703) 770-7901 |
| 10 | Attorneys for Defendant THE STANLEY WORKS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| ZIRCON CORPORATION, a California corporation, | ) ) ) | No. C09-0042 EDL |
| Plaintiff, | ) ) ) | AMENDED ANSWER |
| vs. | ) ) | |
| THE STANLEY WORKS, a Connecticut corporation, | ) ) ) | Judge:  Honorable Elizabeth D. Laporte<br>Complt. Filed:  January 6, 2009<br>Trial Date:  None set |
| Defendant. | ) ) ) | |

Defendant, The Stanley Works ("Stanley"), by its attorneys, answers the Complaint for Patent Infringement ("the Complaint") filed by Plaintiff, Zircon Corporation ("Zircon") as follows:

**The Parties**

1. Stanley is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the same.

2. Stanley admits the allegations in paragraph 2 of the Complaint, but notes that the alleged "subsidiary offices" are for subsidiaries engaged in businesses unrelated to Stanley's tools business or the sale of the products that Zircon has accused of infringement.

**Jurisdiction and Venue**

3. Stanley admits the allegations in paragraph 3 of the Complaint.

4. Stanley admits that this Court has personal jurisdiction over it, but denies the allegations that it has sold any products that infringe the patent asserted in the Complaint.

5. Stanley admits venue is proper in this Court, but denies the existence of any events giving rise to a claim.

**Intra-District Assignment**

6. This is a procedural statement to which no response is required.

**Background**

7. Stanley admits that the statement in paragraph 7 of the Complaint generally describes a "stud finder," but denies the allegation in paragraph 7 to the extent Zircon is alleging a claim interpretation definition.

8. Stanley is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

9. Stanley admits the allegations in paragraph 9 of the Complaint.

10. Stanley admits selling, offering for sale, and importing stud finders in or into the United States, including the Stanley Stud Sensor 200 and the Stanley FatMax® Stud Sensor. The remaining allegations in paragraph 10 are denied.

11. Stanley admits the allegations in paragraph 11 of the Complaint.

**Count I – Patent Infringement**

12. Stanley incorporates its responses to paragraphs 1-11 of the Complaint as though fully set forth herein.

13. Stanley admits that a copy of U.S. Patent No. 7,116,091 ("the Miller '091 patent") was attached as Exhibit A of the Complaint, which speaks for itself. Stanley denies the remaining allegations in paragraph 13 of the Complaint.

14. Stanley is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15. Stanley is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies the same.

16. Stanley denies the allegations in paragraph 16 of the Complaint.

17. Stanley denies the allegations in paragraph 17 of the Complaint.

18. Stanley denies the allegations in paragraph 18 of the Complaint.

19. Stanley denies the allegations in paragraph 19 of the Complaint.

20. Stanley denies the allegations in paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

Stanley asserts the following affirmative defenses in response to the Complaint:

### First Affirmative Defense

Stanley has not directly or indirectly infringed any valid claim of the Miller '091 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

Zircon is barred from asserting infringement by the accused Stanley products under the doctrine of equivalents by prosecution history estoppel and/or the disclosure-dedication rule.

### Third Affirmative Defense

One or more claims of the Miller '091 patent is invalid as being anticipated under 35 U.S.C §102 and/or obvious under 35 U.S.C §103.

Because discovery has not begun, Stanley reserves the right to raise any affirmative defense in the future of which it may become aware.

\* \* \* \* \*

1   WHEREFORE, Stanley denies that Zircon is entitled to any of the relief prayed for

2   in the Complaint. Further, Stanley respectfully prays for judgment as follows:

3   A.   A finding that Stanley has not infringed directly or indirectly any claim of

4   the Miller '091 patent.

5   B.   A finding that Stanley has not willfully infringed the Miller '091 patent.

6   C.   A finding that the claims of the Miller '091 patent are invalid.

7   D.   A finding that this case is exceptional, and that Stanley be awarded its

8   attorneys fees under 35 U.S.C. §285.

9   E.   A finding that Stanley is entitled to its costs.

10   F.   An awarding to Stanley of all other legal and equitable relief that this Court

11   deems just and proper.

12

13   Dated: December ___, 2009.          PILLSBURY WINTHROP SHAW PITTMAN LLP

14

15

16                                                By _____
                                                     BRYAN P. COLLINS
                                                     Attorneys for Defendant
17                                                   THE STANLEY WORKS

18

19

20

21

22

23

24

25

26

27

28