1  CLARK S. STONE (SBN 202123)
   JENNIFER M. LANTZ (SBN 202252)
2  INCHAN A. KWON (SBN 247614)
   **HAYNES AND BOONE, LLP**
3  2033 Gateway Place, Suite 400
   San Jose, California 95110
4  Phone:  (408) 392-9250
   Facsimile: (408) 392-9262
5  E-mail:clark.stone@haynesboone.com
           jennifer.lantz@haynesboone.com
6          inchan.kwon@haynesboone.com

7  Attorneys for Plaintiff
   ZIRCON CORPORATION
8

9  VERNON H. GRANNEMAN (SBN 83532)
   DIANNE L. SWEENEY (SBN 187198)
10 **PILLSBURY WINTHROP SHAW PITTMAN LLP**
   2475 Hanover Street
11 Palo Alto, California 94304
   Phone: (650) 233-4500
12 Facsimile: (650) 233-4545
   vernon.granneman@pillsburylaw.com
13 dianne.sweeney@pillsburylaw.com
14

15 BRYAN P. COLLINS (admitted *pro hac vice*)
   1650 Tysons Blvd.
16 McLean, Virginia 22102
   Phone: (703) 770-7538
17 Facsimile: (703) 770-7900
   bryan.collins@pillsburylaw.com
18

19 Attorneys for Defendant
   THE STANLEY WORKS

20              UNITED STATES DISTRICT COURT

21           NORTHERN DISTRICT OF CALIFORNIA

22            SAN FRANCISCO DIVISION

   ZIRCON CORPORATION, a California    Case No. 4:09-cv-00042 EDL
23 corporation,

24              Plaintiff,

25 v.                                   **STIPULATED PROTECTIVE ORDER
                                         FOR THE PROTECTION OF
26 THE STANLEY WORKS, a Connecticut     CONFIDENTIAL INFORMATION**
   corporation,

27              Defendant.

28

                                1

401599343v2

1    This patent infringement action is likely to involve discovery of documents and testimony

2    containing trade secrets and other confidential research, development, financial, competitive, and

3    commercial information of the parties to this action and third parties who may be subpoenaed to

4    provide deposition testimony and documents, including confidential and commercially sensitive

5    information relating to business strategies, manufacturing and distribution capabilities, sales, costs,

6    pricing, profitability, customers, suppliers, and other business and financial data, which, if

7    disclosed other than as specified herein, will pose a significant risk of injury to the legitimate

8    business interests of the disclosing party.  This Order is necessary to protect the legitimate business

9    interests of the disclosing parties in such information, and good cause exists for the entry of this

10   Order.

11   Therefore, pursuant to Rule 26 of the Federal Rules of Civil Procedure, discovery taken in

12   the above-captioned case shall be conducted subject to this Stipulated Protective Order Concerning

13   Confidential Discovery Materials (the "Protective Order"):

14   1.   Any party or non-party that is called upon to provide discovery in this action may

15   designate any document, electronically stored information, testimony, discovery request, discovery

16   response, motion, filing with the Court, thing, or any portion thereof (collectively, "Discovery

17   Materials") as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or

18   HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES

19   ONLY under the terms of this Protective Order.

20   2.   A party or non-party may designate as CONFIDENTIAL any Discovery Materials

21   that it reasonably and in good faith believes contain or reflect confidential material, including

22   without limitation those materials identified in Rule 26(c)(1)(G) of the Federal Rules of Civil

23   Procedure and any materials that the party or non-party reasonably and in good faith believes are

24   not public.  A party or non-party may designate as HIGHLY CONFIDENTIAL—ATTORNEYS'

25   EYES ONLY any Discovery Materials that it reasonably and in good faith believes contains,

26   reflects, or otherwise discloses a trade secret or other confidential research, development,

27   commercial, marketing, technical, business, financial, personnel or customer information which

28   the designating party believes in good faith contains highly sensitive information which, if

2

1   disclosed to a competitor, is likely to cause substantial competitive harm which cannot be

2   prevented through the use of less restrictive means.  A party or non-party may designate as

3   HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES

4   ONLY information that the designating party reasonably and in good faith believes contains,

5   reflects, or otherwise discloses highly sensitive and confidential commercial, marketing, sales or

6   financial information (including, but not limited to, product pricing, manufacturing costs, and/or

7   profit margins) which, if disclosed to a competitor, is likely to cause substantial competitive harm

8   which cannot be prevented through the use of less restrictive means.

9         3.     Discovery Materials containing CONFIDENTIAL, HIGHLY CONFIDENTIAL—

10  ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—

11  OUTSIDE ATTORNEYS' EYES ONLY information as defined herein shall be so designated by

12  labeling the Discovery Materials (on each page for multi-page documents or, in the case of

13  computer disc, tape, or other media, on the cover of each disc, tape, or other media) with the

14  legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or

15  "HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES

16  ONLY".  Except as otherwise agreed by the parties, such marking shall be done before such

17  Discovery Materials are reproduced, made available for inspection, served, or filed with the Court.

18        4.     Testimony given at a deposition, including the deposition of any former employee,

19  owner, director, or member of any party or its predecessors, or statements disclosing facts learned

20  through discovery, may be designated as CONFIDENTIAL,  HIGHLY CONFIDENTIAL—

21  ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—

22  OUTSIDE ATTORNEYS' EYES ONLY by making a statement to that effect on the record during

23  the deposition or at the time the statements are made.  Alternatively, if no such statement of

24  designation is made, a party or non-party wishing to designate in whole or in part the deposition or

25  statements, and any transcript and recordings thereof, as CONFIDENTIAL,  HIGHLY

26  CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

27  INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY shall notify all other parties in

28  writing of such designation within THIRTY (30) days after receiving a finalized transcript or

1   recording of such deposition or of the statements being made.  To ensure confidentiality of the

2   transcript or recording during that period, it shall be treated as HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY during that period.  At the designating party's option and cost, the

4   reporter shall separate all portions of a deposition transcript designated as CONFIDENTIAL,

5   HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL

6   FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY and bind such portions

7   separately from the non-confidential portions of the deposition transcript.  The reporter shall

8   prominently mark as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

9   ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE

10   ATTORNEYS' EYES ONLY the cover and each page of such separately bound portions of the

11   deposition transcript.  The parties may modify the procedures in this paragraph by mutual

12   agreement without further order of this Court.

13         5.      Testimony or information offered at a conference or hearing may be designated as

14   CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY

15   CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY by

16   making a statement to that effect on the record during the conference or hearing.  Alternatively, if

17   no such statement of designation is made, a party wishing to designate in whole or in part the

18   conference or hearing, and any transcript or recording thereof, as CONFIDENTIAL, HIGHLY

19   CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

20   INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY shall notify all other parties in

21   writing of such designation, within FIVE (5) business days of such conference or hearing.  The

22   parties may modify the procedures in this paragraph by mutual agreement without further order of

23   this Court.

24         6.      Discovery Materials designated as CONFIDENTIAL, HIGHLY

25   CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

26   INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY and any summaries, abstracts, or

27   documents derived from such Discovery Materials, shall be used by the parties solely in

28   connection with this litigation, and not for any business, competitive, legal, or governmental

4

1    purpose or function, including in connection with any application pending before the U.S. Patent &

2    Trademark Office or other patent office, and such Discovery Materials shall not be disclosed to

3    anyone except as provided herein.

4         7.      Unless otherwise ordered by the Court, Discovery Materials designated

5    CONFIDENTIAL that are produced pursuant to this Protective Order may be disclosed or made

6    available only to following persons:

7         a.      the parties' outside counsel of record in this action, and, subject to the

8                 restrictions in Paragraph 8.b concerning disclosure of sales and/or financial

9                 information, any in-house counsel for The Stanley Works responsible for the

10                management of the party's litigation;

11        b.      regular and temporary employees of such outside counsel to whom it is

12                necessary that the information or material be shown for the purposes of this

13                action;

14        c.      the parties and officers or employees of a party;

15        d.      subject to the provisions of Paragraph 9 of this Order, outside consultants or

16                expert witnesses retained for the prosecution or defense of this action;

17        e.      outside graphics or design services retained by counsel for a party for

18                purposes of preparing demonstrative or other exhibits for deposition, trial or

19                other court proceedings in this action, provided that each such person shall

20                execute a copy of the CONFIDENTIALITY UNDERTAKING annexed to

21                this Order (which shall be retained by counsel to the party so disclosing the

22                CONFIDENTIAL Discovery Materials and made available for inspection by

23                opposing counsel upon request) before being shown or given any

24                CONFIDENTIAL Discovery Materials ;

25        f.      outside non-technical jury or trial consulting services retained by counsel for

26                a party, provided that each such person shall execute a copy of the

27                Certification annexed to this Order (which shall be retained by counsel to

28                the party so disclosing the CONFIDENTIAL Discovery Materials and made

5

1        available for inspection by opposing counsel upon request) before being

2        shown or given any CONFIDENTIAL Discovery Materials;

3        g.   any authors or recipients of the Discovery Materials;

4        h.   the Court, Court personnel, and court reporters; and

5        i.   during their depositions, witnesses in the action (other than persons

6             described in paragraph 7(g)) to whom disclosure is reasonably necessary.  A

7             witness shall sign the CONFIDENTIALITY UNDERTAKING before being

8             shown a confidential document.  At the request of any party, the portion of

9             the deposition transcript involving the CONFIDENTIAL Discovery

10            Materials shall be designated "CONFIDENTIAL" pursuant to Paragraph 4

11            above.  Witnesses shown CONFIDENTIAL Discovery Materials shall not

12            be allowed to retain copies of said materials.

13   8.   Discovery Materials designated as "HIGHLY CONFIDENTIAL—ATTORNEYS'

14   EYES ONLY" or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—ATTORNEYS'

15   EYES ONLY shall be restricted in circulation to those persons described in Paragraphs 7a (except

16   as limited by para. 8(b) below), 7b, 7d, 7e, 7f, 7g, and 7h, above.  Notwithstanding the foregoing:

17        a.   The parties may agree, without further order of this Court, to allow the disclosure of

18            CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY,

19            and/or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE

20            ATTORNEYS' EYES ONLY Discovery Materials to certain persons or categories

21            of persons employed by the parties and nonparties, including but not limited to

22            Solar Wide Industrial Ltd., for the purpose of facilitating settlement discussions,

23            other ADR processes or other bases.  No such disclosure shall be made unless and

24            until there is written agreement between the parties that allows for the disclosure of

25            the particular Discovery Materials for the agreed upon purpose.  No disclosure in

26            connection with the above process shall be deemed to be a waiver in whole or in

27            part of the producing party's claim of confidentiality, either as to the specific

28            information disclosed or as to any other information relating thereto or on the same

6

401599343v2

1    or related subject matter.  If a party believes it is reasonably necessary to allow the

2    disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS'

3    EYES ONLY and/or HIGHLY CONFIDENTIAL FINANCIAL

4    INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials

5    to such other persons or categories of persons, but the parties cannot reach an

6    agreement after meeting and conferring, the party may move the Court to permit

7    such disclosure for good cause; and

8        b.   Sales and/or financial information designated by Zircon as "HIGHLY

9    CONFIDENTIAL FINANCIAL INFORMATION—ATTORNEYS' EYES ONLY"

10   shall not be disclosed to any in-house counsel for The Stanley Works responsible

11   for the management of the party's litigation, except as may be permitted in Section

12   8.a.

13       9.   Any outside expert or consultant, including any outside counsel not of record, to

14   whom a party desires to disclose CONFIDENTIAL, HIGHLY CONFIDENTIAL—

15   ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—

16   OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials pursuant to Paragraph 7, shall be

17   identified by written notice given to each other party at least TEN (10) business days before the

18   first such disclosure.  Such notice shall be given to all counsel of record by hand, email, or

19   facsimile as well as by overnight courier.  Such notice shall include a copy of the technical

20   expert's or consultant's curriculum vitae, a list of the technical expert's or consultant's

21   consultancies for the past FOUR (4) years, and a description of any work performed by the

22   technical expert or consultant for or against any party or any party's predecessor-in-interest and a

23   signed CONFIDENTIALITY UNDERTAKING in the form attached hereto as Exhibit A.  If any

24   party objects to the disclosure of CONFIDENTIAL Discovery Materials to the outside technical

25   expert or consultant, it must advise counsel for the party intending to disclose CONFIDENTIAL,

26   HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL

27   FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials of

28   such objection and the grounds therefor within the aforementioned TEN (10)  business day period.

7

1   If, after the TEN (10)  business day period, there is no objection, the party seeking to disclose

2   CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY

3   CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY

4   Discovery Materials may do so to the extent permitted by this Protective Order.  If there is an

5   objection, the parties shall meet and confer in good faith within THREE (3) business days to

6   resolve the objection, and if unable to do so, the objecting party may, within TEN (10) business

7   days after the meet and confer, move the Court for an Order preventing such disclosure.  If an

8   objection is made, no disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL—

9   ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—

10  OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials shall be made to the outside

11  technical expert or consultant, until after the Court decides the issue, it is resolved by agreement of

12  the parties, or the objecting party fails to move the Court for an Order preventing the disclosure

13  within the prescribed time period.

14         10.     In the event any party or any other individual authorized under this Protective Order

15  to receive CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or

16  HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES

17  ONLY Discovery Materials is served with a subpoena or other judicial process demanding the

18  production or disclosure of any Discovery Materials designated CONFIDENTIAL, HIGHLY

19  CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

20  INFORMATION—ATTORNEYS' EYES ONLY, such party or individual shall: (a) provide all

21  parties with a copy of such subpoena or other judicial process promptly no later than THREE (3)

22  business days following receipt thereof; and (b) cooperate with the parties to protect any

23  CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY

24  CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY

25  Discovery Materials from production or disclosure.

26         11.     Nothing herein is intended in any way to restrict the ability of the receiving party to

27  use CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY

28  CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY

8

1   Discovery Materials produced to it in examining or cross-examining any person (including a

2   current or former employee, expert, consultant of the producing party) who authored, received, or

3   is a named recipient of the CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS'

4   EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE

5   ATTORNEYS' EYES ONLY Discovery Materials.

6              12.     Nothing herein shall impose any restrictions on the use or disclosure by a

7   party of Discovery Materials properly obtained by such party independent of discovery from

8   another party in this action, whether or not such Discovery Materials are also obtained through

9   discovery in this action, or from disclosing or using its own CONFIDENTIAL, HIGHLY

10  CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

11  INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials as it deems

12  appropriate.  Nor shall this Protective Order restrict the use or disclosure of Discovery Materials

13  that: (a) are in the public domain at the time of the use or disclosure (unless the particular

14  collection of public documents or information is otherwise protectable); or (b) become part of the

15  public domain through no fault of the receiving party.  The receiving party shall bear the burden of

16  proving the applicability of any of the foregoing conditions.

17             13.     Pursuant to Local Rule 79-5 of the U.S. District Court for the Northern

18  District of California, no Discovery Materials designated CONFIDENTIAL, HIGHLY

19  CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

20  INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY under this protective order may be

21  filed under seal with the Court, unless the Court, on the submitting party's Administrative Motion

22  (regardless of whether the Discovery Materials were originally produced by the submitting party, a

23  non-submitting party, or a non-party) that establishes that the Discovery Materials are privileged or

24  protectable as a trade secret or otherwise entitled to protection under the law, issues an Order that

25  authorizes the sealing of the particular Discovery Materials.  If such an Order is issued, Discovery

26  Materials designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

27  ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE

28

STIPULATED PROTECTIVE ORDER
Case No. 4:09-cv-00042 EDL

401599343v2

1    ATTORNEYS' EYES ONLY filed with this Court shall be filed only in sealed envelopes or

2    containers bearing the caption of this action and a statement substantially in the following form:

3                                               **CONFIDENTIAL**

4         This envelope (or container) contains Discovery Materials filed in this action by
          [name of party] pursuant to the Protective Order entered [date], and is not to be
5         opened nor the contents thereof displayed or revealed except to counsel of record
          in this action and the Court unless a Court Order or Stipulation signed by counsel
6         for the producing party provides otherwise.

7    Discovery Materials so designated shall be maintained as CONFIDENTIAL by the Clerk of this

8    Court pending final disposition of this action, and said Discovery Materials shall be released only

9    upon further Order of this Court.

10                   14.    All Discovery Materials filed in, lodged with, or delivered to this Court that

11   are marked in compliance with Paragraph 13 shall be maintained under Seal and shall not be

12   disclosed or displayed, except as provided herein or as ordered by this Court.

13                   15.    If CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

14   ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE

15   ATTORNEYS' EYES ONLY Discovery Materials produced in accordance with this Protective

16   Order are disclosed to any person other than in the manner authorized by this Protective Order, the

17   party responsible for the disclosure shall immediately bring all facts pertinent to such disclosure to

18   the attention of all counsel of record and, without prejudice to other rights and remedies of the

19   party that produced the Discovery Materials, shall make all reasonable efforts to prevent any

20   further disclosure by it or by any person who received such Discovery Materials.

21                   16.    The provisions of this Protective Order shall govern discovery and all pre-

22   trial proceedings related to this action.

23                   17.    In the event that any CONFIDENTIAL, HIGHLY CONFIDENTIAL—

24   ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—

25   OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials are used in any Court proceeding in

26   this action, they shall not lose their CONFIDENTIAL status through such use, and the party using

27   such Discovery Materials shall take all steps reasonably available to protect their confidentiality

28   during such use.

401599343v2

18.     This Protective Order is entered solely for the purpose of facilitating the exchange of Discovery Materials and protecting the confidential information and trade secrets of the parties without involving the Court unnecessarily in the process.  Nothing in this Protective Order or the production of any Discovery Materials under the terms of this Protective Order shall be deemed:  (a) to have the effect of an admission or waiver by any party; (b) to alter the confidentiality or nonconfidentiality of any Discovery Materials; or (c) to alter any existing obligation of any party.

19.     If a party inadvertently produces Discovery Materials that bear no designation or bear an incorrect designation, the producing party may nevertheless thereafter provide notice designating such Discovery Materials as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—ATTORNEYS' EYES ONLY.  Upon receipt of such notice and upon receipt of properly labeled Discovery Materials, the receiving party or parties shall promptly return to the producing party's counsel or destroy all unmarked Discovery Materials (and any copies that may have been made). The receiving party or parties shall, to the extent reasonably possible, cooperate in restoring the confidentiality of such inadvertently produced Discovery Materials.

20.     The inadvertent production of CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials without a proper designation shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the receiving party is notified and properly marked Discovery Materials are supplied as provided herein promptly after discovery of the inadvertent disclosure.

21.     If a producing party inadvertently discloses information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of the inadvertent disclosure so advise the receiving party in writing and request that the item or items of information be returned, and if that request is made, no party to this action shall assert that the

11

1   disclosure waived any privilege or immunity.  The receiving party shall return or destroy the

2   inadvertently produced item or items of information, and all copies and derivations, within FIVE

3   (5) business days of the earlier of (a) discovery by the receiving party of the inadvertent

4   production, or (b) the receiving party receiving a written request for the return of the information.

5   The party having returned the inadvertently produced item or items of information may thereafter

6   seek production of the information or otherwise challenge the producing party's assertion of

7   privilege or protection.  Even if the producing party has not provided notice of an inadvertent

8   disclosure, in the event the receiving party encounters any Discovery Materials that it believes to

9   be privileged or otherwise immune from discovery, the receiving party should promptly notify of

10  the producing party in writing.  Regardless of who discovers the inadvertent disclosure, the

11  inadvertent production of privileged or otherwise protected Discovery Materials cannot be a basis

12  for seeking production.

13        22.    This Protective Order shall survive the final termination of this action to the

14  extent that the information contained in CONFIDENTIAL, HIGHLY CONFIDENTIAL—

15  ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—

16  OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials is not or does not become known to

17  the public, and this Court shall retain jurisdiction for a period of six months after final termination

18  of this action in order to enforce the terms of this Protective Order.  Within SIXTY (60) days of

19  final termination of this action and all appeals, each party subject to this Protective Order and/or its

20  representatives shall either destroy and certify the destruction of, or return to the producing party

21  or non-party, all the producing party's or non-party's CONFIDENTIAL, HIGHLY

22  CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

23  INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials, and any copies

24  of such Discovery Materials.  Outside counsel, however, may retain for their files copies of

25  pleadings, deposition testimony and exhibits, trial testimony and exhibits, admissions, answers to

26  interrogatories, attorney work-product, and documents contained within individual attorneys'

27  working files as counsel deems necessary to preserve an accurate record of the proceedings.  This

28  Protective Order shall be binding upon the parties and their attorneys, successors, executors,

1    personal representatives, administrators, assigns, subsidiaries, divisions, employees, agents,

2    independent contractors or other persons or organization which they have control.

3              23.    Any and all disputes between the parties regarding the interpretation or

4    enforcement of this Protective Order or any other issue related to the disclosure or protection from

5    disclosure of any Discovery Materials designated CONFIDENTIAL, HIGHLY

6    CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

7    INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY shall be submitted to this Court for a

8    binding ruling.  This paragraph expressly acknowledges the right of any party to apply to this

9    Court to have any Discovery Materials that have been designated CONFIDENTIAL, HIGHLY

10   CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

11   INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY released from the protection of this

12   Protective Order.  No party, however, shall be obligated to challenge the propriety or correctness

13   of the other party's designation of Discovery Materials as CONFIDENTIAL,  HIGHLY

14   CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL

15   INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY at any particular time, and a failure

16   to do so shall not preclude a subsequent challenge to such designation.  Before making such an

17   application, any party or non-party must notify all parties and/or the non-party provider of its

18   intention to seek the removal of the CONFIDENTIAL, HIGHLY CONFIDENTIAL—

19   ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—

20   OUTSIDE ATTORNEYS' EYES ONLY designation from said Discovery Materials and provide

21   the specific document numbers of the Discovery Materials (or other identifying information).  The

22   parties shall meet and confer within THREE (3) business days of receiving such notice.  Only if

23   agreement cannot be reached should a motion be filed with the Court.  In proceeding on any

24   application, the party who made the challenged designation shall have the burden of sustaining it.

25   Until agreement is reached by the parties or an Order of the Court is issued changing the

26   designation, all Discovery Materials about which a disagreement exists shall be treated as

27   originally designated.

28

24.     Any party bound by this agreement who receives CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials agrees to take all reasonable precautions in handling the materials to maintain their confidentiality. For example, employees of a party who require access to CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY Discovery Materials pursuant to Paragraph 7 must take all reasonable precautions to make such Discovery Materials inaccessible to employees who do not require access to such Discovery Materials pursuant to Paragraph 7.

25.     Nothing in this Protective Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Discovery Materials, or relief from this Protective Order with respect to particular Discovery Materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY hereunder.

26.     When a time specified herein is TEN (10) days or fewer, such time shall mean business days (*i.e.*, excluding any intermediate Saturday, Sunday, or "legal holiday" as defined by Rule 6(a)(6) of the Federal Rules of Civil Procedure).  When a time specified herein is ELEVEN (11) days or more, such time shall mean calendar days.

27.     Discovery Materials obtained by any party from a former employee, member, owner, consultant, or director of any opposing party or its predecessor shall be treated as CONFIDENTIAL unless and until: (1) such Discovery Materials have been or are obtained through other means such that they are not CONFIDENTIAL; (2) the opposing party agrees that such Discovery Materials are not CONFIDENTIAL; or (3) the Court decides that such Discovery Materials are not CONFIDENTIAL.  Nothing in this paragraph shall be deemed to waive any contractual or other rights and/or duties regarding CONFIDENTIAL Discovery Materials between the former employee, member, owner, consultant, or director and his/her former employer or company.  Nothing in this paragraph shall be construed as granting any consent to any former

14

employee, member, owner, consultant, or director to disclose CONFIDENTIAL Discovery

Materials to a party adverse to his or her former employer or company, nor granting any consent to

any party to seek such Discovery Materials from a former employee, member, owner, consultant,

or director or otherwise contact such former employee, member, owner, consultant, or director.

28.    The Court retains the right to allow disclosure of any subject covered by this

Protective Order or to modify this Protective Order at any time in the interests of justice.

29.    The parties agree that this Protective Order will be effective upon execution

by the parties.  This Protective Order shall bind the parties hereto in contract irrespective of

whether this Protective Order is entered by the court.

**AGREED TO:**

DATED: December 14, 2009.          **HAYNES AND BOONE LLP**

By  /s/
    CLARK S. STONE
    Attorneys for Plaintiff
    ZIRCON CORPORATION

DATED:  December 14, 2009.          **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By  /s/
    DIANNE L. SWEENEY
    Attorneys for Defendant
    THE STANLEY WORKS

GENERAL ORDER 45(X)(B) STATEMENT

Pursuant to General Order No. 45(X)(B), I hereby attest that concurrence in the filing of

this document has been obtained from counsel for Plaintiff ZIRCON CORPORATION.

By  /s/
    DIANNE L. SWEENEY
    Attorneys for Defendant
    THE STANLEY WORKS

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED:    December 15, 2009

_Elizabeth D. LaPorte_

Honorable Elizabeth D. LaPorte
United States Magistrate Judge

15

401599343v2

CLARK S. STONE (SBN 202123)
JENNIFER M. LANTZ (SBN 202252)
INCHAN A. KWON (SBN 247614)
**HAYNES AND BOONE, LLP**
2033 Gateway Place, Suite 400
San Jose, California 95110
Phone:  (408) 392-9250
Facsimile: (408) 392-9262
E-mail:clark.stone@haynesboone.com
       jennifer.lantz@haynesboone.com
       inchan.kwon@haynesboone.com

Attorneys for Plaintiff
ZIRCON CORPORATION

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
VERNON H. GRANNEMAN (SBN 83532)
vernon.granneman@pillsburylaw.com
DIANNE L. SWEENEY (SBN 187198)
dianne.sweeney@pillsburylaw.com
2475 Hanover Street
Palo Alto, California 94304
Phone: (650) 233-4500
Facsimile: (650) 233-4545

BRYAN P. COLLINS (admitted *pro hac vice*)
bryan.collins@pillsburylaw.com
1650 Tysons Blvd.
McLean, Virginia 22102
Phone: (703) 770-7538
Facsimile: (703) 770-7900

Attorneys for Defendant
THE STANLEY WORKS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ZIRCON CORPORATION, a California corporation,<br><br>             Plaintiff,<br><br>v.<br><br>THE STANLEY WORKS, a Connecticut corporation,<br><br>             Defendant. | Case No. 4:09-cv-00042 EDL<br><br>**STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION** |

401599343v2

I, _____ , state as follows:

1.      My current address is: _____

_____ ,

and my current employer and position are _____

_____ .

2.      I have been provided with a copy of the Stipulated Protective Order Concerning Confidential Discovery Materials (the "Protective Order") entered in this action and I have reviewed its terms and conditions.

3.      I understand the terms and conditions of the Protective Order and I agree to be bound by it.

4.      At the termination of this matter, I agree to either return or destroy all Discovery Materials containing CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL FINANCIAL INFORMATION—OUTSIDE ATTORNEYS' EYES ONLY information and any abstract, extract, excerpt, summary, memorandum, or other materials embodying or containing such information, and copies thereof, which come into my possession, and any materials which I have prepared relating thereto, upon request by counsel for the party by which I have been designated or retained.

5.      I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____
                                    (Signature)

17

401599343v2